# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 01-31054
Summary Calendar

LINDA BARDWELL,

Plaintiff-Appellant,

versus

WAL-MART STORES INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana, Alexandria
USDC No. 00-CV-1552

February 19, 2002

Before POLITZ, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Linda Bardwell appeals an adverse summary judgment dismissing her claim

under the Americans with Disabilities Act of 1990 (ADA).[1]  She asserts that the district

court erred in finding as a matter of law that she was not disabled under the terms of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  42 U.S.C. § 12101 et seq. and 28 U.S.C. § 1343(4).

the Act.  We find no legitimate dispute of any material fact and affirm the district court.

We review a grant of summary judgment *de novo*.[2]  Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, when viewed in the light most favorable to the non-movant, fail to show a genuine issue of material fact.[3]  The ADA "prohibits discrimination in employment against qualified persons with a disability."[4]  To establish a prima facie case under the Act Bardwell was required to show that: (1) she has a disability; (2) she is qualified for the job in question; and (3) Wal-Mart, as her employer, made an adverse employment decision based solely on her disability.[5]  A disability within the meaning of the Act is: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment, although none exists.[6]  Major life activities include caring for one's self, manual tasks, walking, seeing, hearing, speaking, breathing, sitting, standing, lifting, and learning.[7]

---

[2] Dupre v. Charter Behavioral Health Sys. Of Lafayette Inc., 242 F.3d 610, 613 (5th Cir. 2001).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

[4] Dupre, 242 F.3d at 613.

[5] Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996).

[6] 42 U.S.C. § 12102(2).

[7] Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir. 1995).

Bardwell claims that she suffers from rheumatoid arthritis or fibromyalgia, which she insists substantially limits one or more of her major life activities. She contends that she has difficulty performing household tasks like vacuuming and sweeping, mowing the lawn, and washing dishes. She also contends that she walks slowly and can only walk a short distance without pain. A physical impairment standing alone, is not necessarily a disability under the Act.[8] Giving the record the most favorable evaluation for Bardwell, at most she maintains that she has more difficulty than the average person performing certain tasks. The record does not establish that she is substantially limited in performing any of these tasks. In addition, many of the tasks she describes, such as mowing the lawn, are not deemed major life activities.[9]

Accordingly, the judgment of the district court is AFFIRMED.

---

[8] Id.

[9] See, e.g., Moore v. J.B. Hunt Transp., Inc., 221 F.3d 944, 951 (7th Cir. 2000) (mentioning bowling, camping, restoring cars, and mowing the lawn as activities that are not major life activities).